IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISC. NO. 3-05-mc-267

IN RE: ALLOCATION OF CHARLOTTE DIVISION
CRIMINAL, CIVIL, MISCELLANEOUS, AND
"DECLINATION TO CONSENT" CASES

## ORDER

The following case assignment allocations will be applied in the Charlotte division and supercede all other prior orders as they may relate to the Charlotte division. Unless specifically stated otherwise, these case assignment allocations are effective with the date of this Order.

1.) Effective immediately all grand jury returns filed in the Charlotte division shall be randomly assigned equally among Judge Mullen and Judge Conrad. When Judge Mullen has a conflict, the case shall first be assigned to Judge Conrad; when Judge Conrad has a conflict, the case shall first be assigned to Judge Mullen. When BOTH Judge Mullen and Judge Conrad have a conflict the case shall be assigned to Judge Voorhees and then if necessary to Judge Thornburg.

2.) The Clerk shall work with the Office of the United States Attorney to determine how many of the pending criminal cases in the Charlotte division may be assigned to Judge Conrad recognizing Judge Conrad may have a conflict with many of these cases. Once these cases have been identified, they will be removed from Judge Mullen's docket and Judge Voorhees' docket and reassigned to Judge Conrad. Any case which can not be reassigned to Judge Conrad will remain with either Judge Mullen or Judge Voorhees. Once these reassignments have been made the Clerk shall consult with Judge Mullen and Judge Voorhees to discuss any further reassigning of the pending Charlotte division cases.

3.) Judge Conrad will be assigned all of the pending civil cases from the Charlotte division which are presently assigned to Judge Voorhees with the exception of Judge Voorhees' 28 U.S.C. §2255 matters and Multi District Litigation matters.. The Clerk shall then determine the number of pending civil cases from the Charlotte division which are assigned to Judge Mullen and reassign to Judge Conrad the number of such cases it takes to equalize the pending civil caseload in the Charlotte division among Judge Conrad and Judge Mullen. This shall not include Pro Se Law Clerk cases which shall remain with Judge Mullen.

4.) Judge Mullen and Judge Conrad shall each be randomly assigned one-half of the civil cases filed in the Charlotte division which were initially assigned to a magistrate judge and one of the parties subsequently declines to consent to the jurisdiction of a magistrate judge.

5.) Judge Mullen and Judge Conrad shall each be randomly assigned one-half of the matters reserved for the District Court Judge draw including, bankruptcy appeals, motions to withdraw bankruptcy references, IFPs, 28 U.S.C. § 2254 actions in which the plaintiff has counsel, (except for death penalty cases which are the subject of a separate order), and miscellaneous civil matters. All TROs shall be randomly assigned to Judge Mullen and Judge Conrad. In the event Judge Mullen and Judge Conrad both have a conflict with such assignment, the matter shall be assigned to Judge Voorhees and then, if necessary, to Judge Thornburg.

6.) Any civil case initially assigned to Senior Judge Potter or Judge McKnight which is remanded for further proceedings pursuant to the Mandate of the U.S. court of Appeals for the Fourth Circuit shall be assigned to Judge Mullen and Judge Conrad according to docket number. Odd numbered cases shall be assigned to Judge Mullen and even numbered cases shall be assigned to Judge Conrad. In the event Judge Mullen and Judge Conrad both have a conflict with such assignment, the matter shall be assigned to Judge Voorhees and then, if necessary, to Judge Thornburg.

7.) Judge Mullen, Judge Voorhees, Judge Thornburg and Judge Conrad, respectively, shall be assigned 28 U.S.C. §2255 actions in which he was the presiding judge in the underlying criminal case. Any such actions filed on cases in which a Visiting Judge was the presiding judge shall stay with that Visiting Judge unless the Visiting Judge issues an order requesting the motion to be reassigned at which time the motion shall be reassigned to one of our active district court judges in accordance with existing procedures for criminal cases.

8.) Any motion filed under Section 2255 of 28 U.S.C. in which Senior Judge Potter or Judge McKnight was the presiding judge shall be assigned to Judge Mullen and Judge Conrad according to docket number. Odd numbered cases shall be assigned to Judge Mullen and even numbered cases shall be assigned to Judge Conrad. In the event Judge Mullen and Judge Conrad both have a conflict with such assignment, the matter shall be assigned to Judge Voorhees and then, if necessary, to Judge Thornburg.

9.) Any violation proceedings and supplemental filings, including prisoner letters, filed on criminal cases in which Senior Judge Potter or Judge McKnight was the presiding judge shall be assigned to Judge Mullen and Judge Conrad according to docket number. Odd numbered cases shall be assigned to Judge Mullen and even numbered cases shall be assigned to Judge Conrad. In the event Judge Mullen and Judge Conrad both have a conflict with such assignment, the matter shall be assigned to Judge Voorhees and then, if necessasry, to Judge Thornburg.

10.) Judge Mullen shall be assigned all prisoner, pro-se cases, filed pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2254 (non-death penalty cases).

11.) A separate Order will be issued addressing the assignment of death penalty cases and the reassignment of any matters between the judges.

**IT IS FURTHER ORDERED,** that where previous random assignment has occurred for preliminary matters, such as bond appeals, and where more than one judge is in the criminal draw of a particular division, the Clerk will assign newly indicted cases on the basis of random assignment, according to percentages worked out among the judges. Where a case has been randomly assigned pre-indictment for purposes of some preliminary matter the following rules shall apply:

12.) Where a single defendant indictment is handed down, assign case to the judge of the previous random assignment.

13.) Where a multiple defendant indictment is handed down, assign case to the judge who received the first previous random assignment of any of the defendants.

14.) The sole authority to change a previous random assignment resides with the Chief Judge, upon consultation with any other judge directly affected.

15.) The clerk's office will faithfully execute its obligation to assign cases on a random basis, where multiple judges are in the draw, subject to pretermission only by the Chief Judge, as stated above.

16.) Any questions from the clerk as to proper procedure will be referred to the Chief Judge. For example, if bond is allowed by the magistrate judge and the government seeks immediate stay of release pending appeal to the District Court, and the randomly selected district judge is unavailable, the matter will be heard by a judge designated by the Chief Judge.

17.) The central principles governing this section of the Order are: a) Preservation of the integrity of the random assignment procedure, and b) Assignment of a given case to the same judge throughout its course.

The Clerk is directed to serve copies of this Order to all District Court Judges, all Magistrate Judges, the United States Attorney, the Chief United States Probation Officer, the United States Marshall, all deputy clerks and all court reporters.

**IT IS SO ORDERED,** this 10th day of June, 2005.

_Graham C. Mullen_
Graham C. Mullen, Chief
United States District Judge

_Richard L. Voorhees_
Richard L. Voorhees
United States District Judge

_Lacy H. Thornburg_
Lacy H. Thornburg
United States District Judge

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge